IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DOMINICK MAIDA, ET AL.                                                    PLAINTIFFS

vs.                              NO. 4:07CV001151 BSM

SAMANTHA SHERMAN, ET AL.                                              DEFENDANTS

## ORDER

Pending is plaintiffs' fourth motion for discovery sanctions. On November 19, 2008, defendants, Samantha Sherman, Joe Vincent II, James Sherman, VGRT, Inc., and the Vision ("Sherman defendants"), were found to be in violation of the court's order of August 2, 2008, directing defendants to produce discovery requested by plaintiffs, and plaintiffs were awarded $1,050 in attorney's fees and $120 in costs. The Sherman defendants were ordered to pay $1,170 in attorney's fees to plaintiff and to fully and truthfully respond to plaintiff's discovery requests by December 1, 2008.

The Sherman defendants have defaulted on the November 19 order. When deposed on January 13, 2009, Samantha Sherman acknowledged that she had not looked through the records to determine whether she had any records which were responsive to the discovery requests. Indeed, they have not responded to plaintiffs' fourth motion for sanctions.[1]

---

[1] The court received a letter dated May 4, 2009, from David O. Bowden, who had entered his appearance on April 9, 2009, on behalf of Samantha Sherman. Bowden states that he will provide plaintiffs' counsel "something" by May 18th and that he would also be filing some pleadings about that same time. Nothing has been filed in the case on behalf of Samantha Sherman subsequent to Bowden's notice of appearance. Letters to the court are not part of the record. As the record stands now, the Sherman defendants

Plaintiffs ask that the court use its contempt powers to force the Sherman defendants, and in particular, Samantha Sherman as custodian of the records, to provide the information sought. Plaintiffs ask that defendants be held in civil contempt, and be incarcerated for some period of time. As the courts have noted:

> There is considerable confusion in the courts over the distinction between civil and criminal contempt, and the Supreme Court has said that the words used by the lower court to describe the contempt are not determinative. The same actions by a party can amount to both civil and criminal contempt. It is the nature and purpose of the punishment that is determinative. The commonly stated distinction is that if the penalty is to compensate the complaining party or to coerce the defendant into complying with the court's orders, the contempt is civil, while if the penalty is punitive, intended to vindicate the authority of the court, then the contempt is criminal.

*Hubbard v. Fleet Mortgage Co.*, 810 F.2d 778, 781-82 (8th Cir. 1987) (citations omitted).

The cases cited by plaintiffs do not support their request that the Sherman defendants be incarcerated because those cases either involve criminal contempt proceedings, *see In re Medlock*, 406 F.3d 1066 (8th Cir. 2006), the refusal of a witness to testify before the grand jury, *see In re Grand Jury Subpoena*, 97 F.3d 1090 (8th Cir. 1996), or enforcement of an IRS summons, *Fisher v. United States*, 425 U.S. 391 (1976). The Sherman defendants, however, have already shown utter contempt for this court and its orders. For this reason, it is clear that a monetary sanction will serve no useful purpose.

In the alternative, plaintiffs request that the court strike three specific denials in

---

still have not complied with the court's order to provide discovery responses to the plaintiffs.

-2-

Sherman's answer and that the allegations denied therein be taken as true.  Although the court would have gladly entertained a motion for a default judgment, the court finds that striking the specific denials to be an appropriate sanction.  *See Hairston v. Alert Safety Light Prods., Inc.*, 307 F.3d 717, 719  (8th Cir. 2002) (sanction imposed for discovery sanction should be just and relate to claim at issue).

The denials in paragraphs 36, 74, and 76 of defendant's Samantha Sherman's answer [Doc. No. 11] are hereby stricken and the matters in the complaint to which they refer are hereby taken as true.  Because the answers of defendants James Sherman, Joe Vincent II, the Vision Group, Inc. and VGRT have been stricken, and they have not filed answers as ordered on November 18, 2008 [Doc. No. 48], the court finds them to be in default.

Accordingly, the fourth motion for discovery sanctions [Doc. No. 64] is granted to the extent set forth above.

IT IS SO ORDERED this 29th day of May, 2009.

_____
UNITED STATES DISTRICT JUDGE