UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DOMINICK MAIDA, DORTHY MARIE MAIDA,
MAIDA INC.                                                                                                  PLAINTIFFS

v.                             CASE NO. 4:07-CV-001151 BSM

SAMANTHA SHERMAN a/k/a SAMANTHA
VINCENT a/k/a FAITH VINCENT, JOE VINCENT II,
JAMES SHERMAN, JERRY JOHNSON,
THE VISIONGRP, INC. d/b/a THE VISION GROUP,
and VGRT, INC., d/b/a VISION GROUP REIT, INC.
and VGRT, LLC                                                                                              DEFENDANTS

## ORDER

Before the court is plaintiffs' motion for costs and fees. Defendants did not respond. Plaintiffs request that the court enter judgment in the amount of $28,000 for attorney fees and $1,250.10 for costs and disbursements made in pursuit of the case. They cite the court's amended judgment of August 13, 2009, which grants the plaintiffs relief under the common law and several statutes: the 1934 Securities Exchange Act, the Racketeering Influence and Corrupt Organizations Act, the Arkansas Credit Services Organizations Act, the Arkansas Securities Act, and the Arkansas Deceptive Trade Practices Act. Attorney fees and costs are recoverable under each of these grounds for the defendants' liability. *See* 15 U.S.C. § 4304, 18 U.S.C. § 1964, Ark. Code Ann. § 4-91-105, Ark. Code Ann. § 23-42-106, Ark. Code Ann. § 4-88-113(f). Plaintiffs' motion is granted in part and denied in part.

I. ATTORNEY FEES

While there is "no fixed formula" for determining reasonable attorney fees, factors to consider include: "1) experience and ability of counsel; (2) the time and labor required to perform the legal service properly; (3) the amount involved in the case and the results obtained; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged in the locality for similar services; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client or by the circumstances; and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer." *South Beach Beverage Co., Inc. v. Harris Brands, Inc.*, 355 Ark. 347, 356 (2003).

Plaintiffs appropriately exclude all time spent on the bankruptcy cases arising from this matter. In their "Statement for Services Rendered," the plaintiffs represent that their counsel charges $175.00 per hour and that counsel spent 160 hours prosecuting the case. This case required plaintiff's counsel to locate and communicate with several defendants, banks, and investment companies. Four weeks of work over a two year period is reasonable. The hourly rate is reasonable, as it is in line with the prevailing market rate, so the court awards the full amount requested for attorney fees: $28,000.00.

II. COSTS

The court finds that plaintiffs are not entitled to any award of costs. Plaintiff is advised that the costs section of the submitted "Statement for Services Rendered"caused the

court to deny several requests as vague or without explanation. Parties are required to file explanatory briefs with their motions under Local Rule 7.2, and plaintiff may file a motion for reconsideration of these costs as long as an explanatory brief is submitted.

28 U.S.C. § 1920 defines "costs" and sets forth the categories of trial expenses that may be awarded to a prevailing party, including:

> **(1)** Fees of the clerk and marshal;
> **(2)** Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> **(3)** Fees and disbursements for printing and witnesses;
> **(4)** Fees for exemplification and copies of papers necessarily obtained for use in the case.

A      Process and Service Fees

Plaintiff's costs for private process services are not costs recoverable under §1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). Plaintiff requests $40.00 for "Process Service Fee Service of Demand Letter," $120.00 for "Process Service Fee,"$90.00 for "Process serve fee re Subpoena Shermans," and $90.00 for "Process Service Fee." These requests are denied under *Crues*. Plaintiff also requests $14.55 for "Service Fee," $50.00 for "Sheriff's Service Fee," and $100.00 for "Service Fees Paychex and Scottrade." These requests are denied because they are vague and without explanation. Therefore, this court is required to deny plaintiff's total request for $504.55 in various service fees.

B.     Copying Costs

Plaintiff makes multiple requests for copying costs pursuant to subsection (4) of § 1920. Not all costs for copies are recoverable under this section, however. The court in

*Emmenegger v. Bull Moose Tube Co.*, 33 F. Supp. 2d 1127, 1133 -34 (E.D. Mo. 1998), discussed copying costs that may be awarded to prevailing parties:

> Under subsection (4) of § 1920, plaintiffs could have legitimately listed amounts they paid to others for production of documents, or could have charged their own photocopy expenses for copying the numerous exhibits that they introduced at trial. Under the costs statute, however, plaintiffs may not recover the photocopy expenses that they incurred in copying their own pleadings and motions for filing with the Court, serving on opposing counsel, or transmitting to their clients; nor does the cost statute cover a party's copying of documents to be produced in discovery, or copying research materials for the convenience of counsel. These are not taxable costs under the statute, because they are not copies of papers "necessarily obtained for use in the case."

Plaintiff seeks $38.80 for copies (388 pages at $.10 per page) on November 2, 2007, $56.70 for copies of deposition transcripts, and $285.60 for copies for their summary judgment motion (2,856 pages at $.10 per page). While some of these copies may have been "necessarily obtained for use in the case," as required by § 1920, the first two requests are not explained sufficiently, and the copies for plaintiff's summary judgment motion are not recoverable under the *Emmenegger* reasoning. Plaintiffs' request for $381.10 for copy costs is denied.

C.   <u>Witness Fees</u>

Prevailing parties can recover witness fees under § 1920(3) and as defined by 28 U.S.C. § 1821, which states in part:

> Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this

section.

Subsection (b) provides for an attendance fee of $40.00 per day for each day's attendance. Mileage is addressed in subsection (c).

The witness fees requested by plaintiff are not substantiated in their submitted report. The plaintiff requests $41.00 for "Witness Fees- bank document research fee," $76.25 for "Witness fees to banks," and $50.00 for "Witness fees Regions Bank." A trial was not held in this case. There is no record of the plaintiffs taking depositions from any bank representatives or employees. Without further explanation, the court cannot grant plaintiffs' request for $167.25 in witness fees.

The court also declines to award $84 in mileage and lodging costs for counsel, as they are not found in §1920.

Accordingly, plaintiffs' motion for costs and fees (Doc No. 108) is granted in part and denied in part without prejudice. Attorney fees in the amount of $28,000.00 are hereby awarded to the plaintiff.

IT IS SO ORDERED this 2nd day of October, 2009.

_____
UNITED STATES DISTRICT JUDGE